UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY KEY,

    Plaintiff,

v.

CITY OF DETROIT,

    Defendant.
_____/

Case No. 22-10849

F. Kay Behm
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER OVERRULING OBJECTIONS (ECF Nos. 74, 96, 102)

### I. PROCEDURAL HISTORY

Plaintiff, Kelly Key, is proceeding pro se in this employment matter against his former employer, the City of Detroit. This case is referred to Magistrate Judge David R. Grand for all pretrial proceedings. (ECF No. 93). Judge Grand has addressed a number of pretrial matters, and Key has lodged objections to three of his orders. For the reasons set forth below, the court **OVERRULES** those objections.

### II. STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's

1

order that is "clearly erroneous or contrary to law." *Id.*  A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure.  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted).  A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

III.    **OBJECTIONS**[1]

    A.    <u>ECF No. 74</u>

Key filed a "motion to restrict abusive litigation" to which he attached various correspondence from the City of Detroit's counsel regarding this litigation, claiming that it is harassing and abusive. (ECF No. 72). Judge Grand concluded that the emails were not abusive and, in fact, were at all times professional and even sought to help Key with proper filing mechanics and court procedure. (ECF No. 72). Thus, Judge Grand denied the motion. Key filed what purports to be an "objection" to Judge Grand's order, which is merely an explanation of the common types of abusive litigation and how judges can curb abusive litigation tactics. (ECF No. 74). Key does not claim that Judge Grand's decision is clearly erroneous as a matter of fact or is contrary to law, and indeed, it is not. Accordingly, the objection is **OVERRULED**.

    B.    <u>ECF No. 96</u>

Judge Grand entered an order striking several of Key's filings (ECF Nos. 85, 88, 89, 90, 91). (ECF No. 95). Judge Grand observed that Key filed no less than seven responses and amended responses to Defendant's motion for summary

---

[1] Key has filed two other documents labeled "objections" which do not appear to be related to any order Judge Grand has issued in this matter. *See* ECF Nos. 75, 80. Accordingly, the court expresses no view regarding the content of these filings.

3

judgment. *Id*. Judge Grand accepted for filing Key's initial response to the motion for summary judgment (ECF No. 84) along with ECF No. 92, which appeared to contain all the additional arguments in the other responses filed, so as to ensure all of his arguments were fully considered. *Id*. The remaining responses were stricken. *Id*.

Key filed an objection that states as follows:

> While not clearly knowing what documents are being stricken from the record. The Plaintiff Objects to the Strike and has requested a Leave from the Court per this Strike to address the concerns this action brings to a case of which the Plaintiff is already at a disadvantage due to constant retaliation due to the action that is contained in this case.

(ECF No. 96). Despite Key's protestations to the contrary, Judge Grand made very clear that he would consider ECF Nos. 84 and 92 as responses to the motion for summary judgment and that he was striking ECF Nos. 85, 88, 89, 90, and 91. Key does not claim that Judge Grand's decision is clearly erroneous as a matter of fact or contrary to law. Accordingly, the objection is **OVERRULED**.

C. <u>ECF No. 102</u>

Judge Grand entered an order striking Key's filing at ECF No. 100. (ECF No. 101). Judge Grand explained that Key's filing, while styled as an "objection" to Defendant's reply brief in support of its motion for summary judgment, is actually an unauthorized sur-reply, which is not permitted under the applicable local court

4

rules. *Id.* (citing E.D. Mich. LR 7.1(c)(3); *Merrill v. King*, No. 22-10541, 2022 WL 18402555, at *5, n. 6 (E.D. Mich. Dec. 21, 2022) (striking unauthorized sur-reply)). Key filed an objection to this order saying that his filing "was not a sur-reply but to inform the court of what the objection was about while being supported by the court rules." (ECF No. 102). The court agrees with Judge Grand that Key's "objection" is more properly characterized as an attempt to file an unauthorized sur-reply. Accordingly, the court finds that Judge Grand's decision striking that document was neither clearly erroneous nor contrary to law. The objection is **OVERRULED**.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's objections to Magistrate Judge Grand's orders are **OVERRULED**.

**SO ORDERED**.

Date: October 5, 2023              s/F. Kay Behm
                                   F. Kay Behm
                                   United States District Judge

5