UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY KEY,

        Plaintiff,

v.

CITY OF DETROIT,

        Defendant.
_____/

Case No. 2:22-cv-10849

Honorable Susan K. DeClercq
United States District Judge

Honorable David R. Grand
United States Magistrate Judge

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, ECF No. 121; (2) OVERRULING DEFENDANT'S OBJECTIONS, ECF No. 122; (3) ADOPTING REPORT AND RECOMMENDATION, ECF No. 118; (4) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, ECF No. 83; AND (5) DISMISSING WITH PREJUDICE COUNTS I, II, IV, AND V**

In a case as contentious as it is consequential, Kelly Key alleges that his former employer, the City of Detroit, not only permitted a discriminatory environment to fester but also retaliated against him when he dared to complain about it. Key, who is gay, asserts that his colleagues harassed him because of his sex and sexual orientation, and that the City's response—or lack thereof—only compounded his plight. Now, after administrative remedies fell short of his expectations for justice, Key seeks redress here under both Title VII of the Civil Rights Act of 1964 and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA").

As explained below, two of his claims have merit, but four do not.

## I.

Plaintiff, a bisexual male, alleges coworkers harassed him based on his sex and sexual orientation soon after he started working at Gilbert Garage. ECF No. 1 at PageID.2–5. Plaintiff filed HR complaints, but he says the responses were retaliatory and led to a hostile work environment. *Id.*

Under Title VII and ELCRA, Plaintiff's six-count complaint alleges harassment based on sex (Counts I and IV), harassment based on sexual orientation (Counts II and V), and retaliation (Counts III and VI). *Id.* at PageID.5–11.

In August 2023, Defendant filed a motion for summary judgment, arguing Plaintiff failed to establish a *prima facie* case of discrimination or retaliation, ECF No. 83 at PageID.459–72, and that any adverse employment actions were not linked to discriminatory motives but instead had a legitimate nondiscriminatory basis, *id.* at PageID.472–73. The motion has been fully briefed. *See* ECF Nos. 84; 92; 98.

In January 2024, Magistrate Judge David R. Grand issued a report recommending the motion for summary judgment be granted and denied in part. ECF No. 118. Specifically, the recommendation is to grant summary judgment for Defendant on all four claims of harassment, *id.* at PageID.869–74, but to deny summary judgment for both retaliation claims based on a genuine issue of material fact with respect to the pretext of retaliation, *id.* at PageID.874–81.

Both parties object to the recommendations. Plaintiff objects to the recommendations to dismiss Counts I, II, IV, and V, contending that the application of the reasonable-person standard was unfair and highlighted inconsistencies in Defendant's evidence. ECF No. 121. Conversely, Defendant objects to the recommendation to deny summary judgment for Counts III and VI, arguing Plaintiff failed to establish a clear causal connection between the alleged protected activity and the adverse employment actions. ECF No. 122. The objections are fully briefed. *See* ECF Nos. 123–25.

## II.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

This Court has reviewed Plaintiffs' complaint, ECF No. 1, Defendant's answer, ECF No. 6, Defendant's motion for summary judgment, ECF No. 83, and

the accompanying response and reply, ECF Nos. 84; 92, Judge Grand's report and recommendation to grant the motion, ECF No. 118, Plaintiff's six objections, ECF No. 121, and the accompanying response and reply, ECF Nos. 124; 125, Defendant's two objections, ECF No. 122, Plaintiff's response to them, ECF No. 123, and other applicable filings and law.

Having conducted this *de novo* review, this Court finds that Judge Grand's factual conclusions are reasonably correct, that he reasonably applied the correct law, and that his legal reasoning is sound. That is, there are no prejudicial clear errors in Judge Grand's findings or recommendations (1) to grant Defendant's motion for summary judgment with respect to Counts I, II, IV, and V or (2) to deny Defendant's motion for summary judgment with respect to Counts III and VI.

For these reasons, Plaintiff's objections will be overruled, Defendant's objections will be overruled, Judge Grand's report and recommendation will be adopted, Defendant's motion for summary judgment will be granted and denied in part, and Counts I, II, IV, and V will be dismissed with prejudice.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 121, are **OVERRULED**.

Further, it is **ORDERED** that Defendant's Objections, ECF No. 122, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 118, is **ADOPTED**.

Further, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 83, is **GRANTED IN PART** with respect to Counts I, II, IV, and V and **DENIED IN PART** with respect to Counts III and VI.

Further, it is **ORDERED** that Counts I, II, IV, and V of the Complaint, ECF No. 1, are **DISMISSED WITH PREJUDICE**. The remaining claims are Counts III and VI.

**This order does not close the above-captioned case**.

Dated: 5/2/2024  /s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge