UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY ROYCE KEY,

    Plaintiff,

v.

CITY OF DETROIT,

    Defendant.
_____/

Case No. 2:22-cv-10849

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE AND MOTION FOR RECONSIDERATION**

Before this Court are motions filed by Plaintiff Kelly Royce Key,[1] who challenges certain aspects of the proceedings in his lawsuit against the City of Detroit. Plaintiff's complaint alleged discrimination and retaliation based on sex and

---

[1] Kelly Royce Key was sentenced to 38–240 months' imprisonment for arson of a dwelling house, MICH. COMP. LAWS § 750.72, and sentenced to 38–240 months' imprisonment; then the Michigan Court of Appeals rejected Key's appeal, finding no error in the trial court counting Key's past misdemeanors as past convictions for sentencing purposes. *People v. Key*, No. 313756, 2014 WL 2536991 (Mich. Ct. App. June 5, 2014) (per curiam). More recently, Key filed a motion to waive the credit counseling requirement for Chapter 7 bankruptcy, but it was denied. *In re Key*, No. 24-43986, 2024 WL 1879195, at *2 (Bankr. E.D. Mich. Apr. 29, 2024). Key had received credit counseling three days after filing a petition, violating the Bankruptcy Code's stipulation for counseling on or before the filing date. *Id.* The court also rejected Key's claims of poverty and lack of access to counseling as grounds for an exemption. *Id.* The motion was denied, and the case was dismissed, but the court noted that Key could refile for bankruptcy using the same credit-counseling certificate if done within 180 days of the initial counseling. *Id.*

sexual orientation, but this Court dismissed the harassment claims while preserving the retaliation ones. Now, Plaintiff seeks reconsideration of that ruling. Concurrently, Plaintiff requests a venue transfer to Detroit—a city to which these proceedings have already been bound. As explained below, both motions will be denied.

I.

Plaintiff initially sued the City of Detroit under Title VII and ELCRA for harassment based on sex and sexual orientation (Counts I, II, IV, V) and retaliation (Counts III, VI). ECF No. 1. In response, Defendant filed a motion for summary judgment, which was partially granted, dismissing the harassment claims and retaining the retaliation claims. *See generally Key v. City of Detroit*, No. 2:22-CV-10849, 2024 WL 1929991 (E.D. Mich. May 2, 2024). Plaintiff has filed a motion for reconsideration of that order.[2] ECF No. 140.

The venue of this case was changed from Ann Arbor to Detroit under Administrative Order 24-AO-007, dated April 8, 2024, due to the appointment of the undersigned. Despite this Administrative Order, Plaintiff filed a motion to

---

[2] Although Plaintiff titled the filing as an "objection" to this Court's order, this Court construes it as a motion for reconsideration. *Foster v. Comm'r of Soc. Sec.*, No. 2:15-CV-11368, 2016 WL 4437665, at *1 (E.D. Mich. Aug. 23, 2016).

transfer the venue from Ann Arbor to Detroit, citing convenience and the interest of justice. ECF No. 139.

## II.

Plaintiff's motion to change venue is moot. This case has already been administratively assigned to Detroit. Admin. Order 24-AO-007. This administrative decision was made before Plaintiff filed the motion. There is no need to entertain arguments for a venue change that has already occurred. Accordingly, the motion to change venue will be denied.

## III.

Plaintiff's motion for reconsideration will also be denied. Motions for reconsideration of nonfinal orders are disfavored and may be granted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that could not have been previously discovered warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

Plaintiff's motion for reconsideration merely reraises the same arguments that this Court already considered and rejected. Plaintiff's prior objection challenged the Magistrate Judge's application of the reasonable-person standard and interpretation and handling of evidence regarding the harassment and retaliation claims. ECF No. 121 at PageID.895–98. Plaintiff's current motion for reconsideration again laments

- 3 -

that the Magistrate Judge's "recommendations [were] based on repetitive, leading, speculative information." ECF No. 140 at PageID.957.

Although Plaintiff introduces a nuance regarding the procedural aspects of this Court's Order (arguing that *de novo* review did not occur because this Court's order referenced the Magistrate Judge's report and recommendation), the nuance fundamentally does not stray from the core issues raised in Plaintiff's initial objections. That is, both documents express dissatisfaction with how the Magistrate Judge's handled Plaintiff's claims, interpreted Plaintiff's situation under existing legal standards, and ultimately concluded that certain claims should be dismissed.

For these reasons, Plaintiff's motion for reconsideration will be denied.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Change Venue, ECF No. 139, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 140, is **DENIED**.

**This order does not close the above-captioned case**.

Dated: 4/9/2024                    */s/Susan K. DeClercq*
                                   SUSAN K. DeCLERCQ
                                   United States District Judge